# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1487V
Filed: May 24, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| EDNA CHARMAINE HEARNS | * | UNPUBLISHED |
| *administrator ad litem* | * | |
| ESTATE OF KEITH MILLER | * | |
| | * | |
| Petitioner, | * | Decision on Joint Stipulation; |
| | * | Neuromyelitis Optica ("NMO"); |
| v. | * | Influenza ("Flu") Vaccine. |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Robert D. Cobb, Jr., Esq.*, Nahon, Saharovich & Trotz, Memphis, TN, for petitioner.
*Voris E. Johnson, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On September 26, 2018, Keith Miller filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] On March 6, 2023, the case caption in this matter was changed to reflect Edna Charmaine Hearns ("petitioner") as the administrator of Mr. Miller's estate. ECF No. 53. Petitioner alleges that a quadrivalent influenza ("flu") vaccine received on October 2, 2015 substantially aggravated Mr. Miller's Devic's Disease (also known as

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

"neuromyelitis optica" or "NMO") and led to his death. Stipulation, filed May 24, 2023, at ¶¶ 1-4. Respondent denies that the aforementioned immunization caused or significantly aggravated petitioner's injury or caused his death. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On May 24, 2023, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> a. A lump sum of $500,000.00, in the form of a check payable to petitioner, Edna Charmaine Hearns, as administrator ad litem of the estate of Keith Miller; and,
>
> b. A lump sum of $463,033.69,[3] which amount represents reimbursement of a State of Tennessee (Amerigroup Community Care) Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and:
>
> > Optum Subrogation Services
> > L-3994
> > Columbus, OH 43260-3994
> > Optum File #: SN23688979
> > Attn: Karmen Koelbl
>
> Petitioner agrees to endorse this check to Optum Subrogation Services.

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[3] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Amerigroup Community Care may have against any individual as a result of any Medicaid payments Amerigroup Community Care has made to or on behalf of Keith A. Miller as a result of his alleged vaccine-related injury suffered on or about October 2, 2015, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| EDNA CHARMAINE HEARNS, ) <br> Administrator Ad Litem to the Estate of ) <br> KEITH MILLER, ) <br>  ) <br> Petitioner, ) <br>  ) No. 18-1487V **(ECF)** <br> v. ) Special Master Roth <br>  ) <br> SECRETARY OF HEALTH ) <br> AND HUMAN SERVICES, ) <br>  ) <br> Respondent. ) |  |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Edna Charmaine Hearns ("petitioner"), as administrator ad litem to the estate of Keith Miller, deceased ("Mr. Miller"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly sustained following Mr. Miller's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).[1]

2. Mr. Miller received a flu vaccination on October 2, 2015.

3. The vaccination was administered within the United States.

---

[1] The petition originally was filed by Mr. Miller on his own behalf; Mr. Miller died during the pendency of this action. The petition was amended on March 6, 2023, to identify Ms. Hearns as the petitioner, and Ms. Hearns subsequently was granted leave to amend the petition again to assert that Mr. Miller's death was vaccine-related.

4. Petitioner alleges that Mr. Miller suffered a significant aggravation of Devic's Disease (also known as neuromyelitis optica, or NMO) as a result of receiving the flu vaccine, and alleges that Mr. Miller experienced the residual effects of this injury for more than six months. Petitioner further alleges that Mr. Miller's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of Mr. Miller's condition.

6. Respondent denies that the flu vaccine caused or significantly aggravated Mr. Miller's alleged NMO or any other injury, or caused his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. A lump sum of $500,000.00, in the form of a check payable to petitioner, Edna Charmaine Hearns, as administrator ad litem of the estate of Keith Miller; and,

    b. A lump sum of $463,033.69,[2] which amount represents reimbursement of a State of Tennessee (Amerigroup Community Care) Medicaid lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and:

---

[2] This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Amerigroup Community Care may have against any individual as a result of any Medicaid payments Amerigroup Community Care has made to or on behalf of Keith A. Miller as a result of his alleged vaccine-related injury suffered on or about October 2, 2015, under Title XIX of the Social Security Act, see 42 U.S.C. § 300aa-15(g), (h).

Optum Subrogation Services
L-3994
Columbus, OH 43260-3994
Optum File #: SN23688979
Attn: Karmen Koelbl

Petitioner agrees to endorse this check to Optum Subrogation Services. These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Mr. Miller's estate under the laws of the State of Tennessee. No payment pursuant to this Stipulation shall be made

3

until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Mr. Miller's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Mr. Miller at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of Mr. Miller upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as personal representative of the estate of Mr. Miller, on her own behalf, and on behalf of the estate and Mr. Miller's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on October 2, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about September 26, 2018, in the United States Court of Federal Claims as petition No. 18-1487V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the items of compensation sought is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States of America or the Secretary of Health and Human Services that Mr. Miller's alleged NMO and residual effects, or any other injury, or his death, were caused by the flu vaccine.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Edna Charmaine Hearns*
EDNA CHARMAINE HEARNS,
Administrator ad litem of the estate of Keith Miller

**ATTORNEY OF RECORD FOR PETITIONER:**

R. DENIGER COBB
Nahon Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, Tennessee, 38117
Tel: (901) 683-7000
Email: dcobb@nstlaw.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2023.05.02 11:39:26 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4136
Email: voris.johnson@usdoj.gov

Dated: 5/24/2023